# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS ANDERSON,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>   Defendants. | Case No. 1:16-cv-00352-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A MOTION TO SUBSTITUTE THE DOE DEFENDANT(S) OR FILE A REQUEST FOR A RULE 45 SUBPOENA<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (ECF No. 5.)

**I.**

**INTRODUCTION**

As noted in the service documents order issued concurrently with this order, Plaintiff's first amended complaint stated a cognizable claim for medical malpractice under state law against Nurse Jane Doe #1 and Nurse Jane Doe #2, among other claims. On July 17, 2017, Plaintiff notified the Court that he intends to proceed on those claims. (ECF No. 11.)

///

## II.

## DISCUSSION

Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the screening stage, those person or persons cannot be served with process in this action until they are identified by their names. The burden is on Plaintiff to discover the identity of the defendants. Plaintiff should seek to discover the identity of Doe defendants and move to substitute them into the case as soon as possible. Plaintiff may be able to locate names from his medical records, documents located in his central file, or other materials available for Plaintiff to review without court intervention.

If Plaintiff shows he has exhausted all such available avenues and has not been able to identify the Doe defendants, he may move for the issuance of a Rule 45 subpoena.

Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. See Adv. Comm. Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Federal Rule of Civil Procedure 26(b). Meeks v. Parsons, No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing Fahey v. United States, 18 F. R. D. 231, 233 (S.D.N.Y. 1955)).

Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). These standards mean that the Court may grant a request by Plaintiff to issue a Rule 45 subpoena to a properly identified non-party to discover information that is relevant to the party's claims or defenses, is not burdensome, is not within Plaintiff's reasonable access, upon a sufficient showing of the importance of the information.

Accordingly, Plaintiff shall be permitted forty-five (45) days from the issuance of this order to either file a motion to amend his complaint to substitute the Doe Defendants, or to file any request for a Rule 45 subpoena to obtain the information necessary to identify the Doe Defendants. If Plaintiff files a Rule 45 subpoena request, he must meet the standards addressed above. Any request for an extension of time to comply with this order must be supported by good cause, showing the diligent efforts Plaintiff is making to attempt to identify the Doe Defendants.

## III.

## CONCLUSION

For these reasons, it is HEREBY ORDERED that:

1. Plaintiff shall, within forty-five (45) days of the date of service of this order, either:

    (a) file a motion to amend his complaint to substitute the Doe Defendants in this case, or

    (b) file any request for a Rule 45 subpoena to obtain the information necessary to identify the Doe Defendants; and

2. **The failure to comply with this order will result in the dismissal of this action**.

IT IS SO ORDERED.

Dated: **July 19, 2017**

UNITED STATES MAGISTRATE JUDGE

3