# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 1:16-cv-00352-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTIONS TO DISMISS<br><br>[ECF Nos. 22, 23, 26, 30, 39]<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Curtis Anderson is a federal prisoner proceeding pro se and in forma pauperis in this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court are Defendants' motions to dismiss. (ECF Nos. 22, 23, 26, 30, 39.)

**I.**

**RELEVANT BACKGROUND**

Plaintiff generally contends in this action that while he was housed at the United States Penitentiary in Atwater, California ("USP Atwater"), he was provided inadequate medical care. (ECF No. 9.)

On May 9, 2017, the Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B), and found that it stated a cognizable claim

1

against the United States of America under the FTCA, and for medical malpractice under state law against Dr. Hellner, Dr. Franco, P.A. Hong, P.A. Egan, Nurse Jane Doe #1, Nurse Jane Doe #2, and Mercy Medical Center ("MMC"). (ECF No. 10.)

Following Plaintiff's notification of intent to proceed only on the claims found to be cognizable, (ECF No. 11), on July 19, 2017, the Court dismissed all other claims for the failure to state a cognizable claim for relief, (ECF No. 12). The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c), because Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (See id. at 1.)

On October 23, 2017, Defendant Hellner filed two motions to dismiss. (ECF Nos. 22, 23.) On November 7, 2017, the United States filed a motion to dismiss. (ECF No. 26.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court did not have jurisdiction to dismiss the claims described in its July 19, 2017 order.

On November 17, 2017, MMC filed a motion to dismiss. (ECF No. 30.) On November 30, 2017, considering the earlier ruling in Williams, the undersigned issued findings and recommendations to the District Judge consistent with the May 9, 2017 screening order. (ECF No. 33.) The findings and recommendations noted that Defendants' motions to dismiss were not yet fully briefed at the time. (Id. at 2 n.1.) Thus, no findings or recommendations were made on the motions to dismiss. Those findings and recommendations remain pending before the District Judge.

On December 7, 2017, the United States objected to the November 30, 2017 findings and recommendations, on the grounds raised in its pending motion to dismiss. (ECF No. 36.) On December 8, 2017, Defendant Hellner filed another motion to dismiss. (ECF No. 39.)

Throughout this time, Plaintiff had not responded to the earlier filed motions to dismiss due to several housing transfers. (See ECF Nos. 19, 34.) On December 12, 2017, the Court ordered Plaintiff to respond to all pending motions to dismiss within thirty (30) days. (ECF No.

41.) On January 2, 2018, Plaintiff requested one additional extension of time based on another recent housing transfer, (ECF No. 42), which was granted, (ECF No. 43).

On February 27, 2018, Plaintiff filed a response to the United States' objections to the November 30, 2017 findings and recommendations, (ECF No. 46), an opposition to MMC's motion to dismiss (ECF No. 47), and an opposition to the United States' motion to dismiss, (ECF No. 48). On February 28, 2018, the United States filed a reply, (ECF No. 49), with a declaration in support, (ECF No. 50). On March 5, 2018, MMC filed a reply. (ECF No. 51.)

The Defendants' motions to dismiss are now deemed submitted, without oral argument. Local Rule 250(l).

## II.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction to hear the complaint. The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## III.

## DISCUSSION

### 1. Summary of Plaintiff's Allegations

In April of 2013, Plaintiff went to sick call for an injury to his left hand, "fifth finger." (Am. Compl., ECF No. 9, p. 3.) Plaintiff was seen by PA Hong, who assessed the injury and ordered an x-ray. A few days after the x-ray, Plaintiff was called back to medical and told by J. Franco, M.D., that his finger was broken and orthopedic surgery was necessary.

Dr. Hellner, a private doctor contracted with the BOP, arrived at USP Atwater to assess Plaintiff's finger for surgery. After examining the injured hand and x-rays, Dr. Hellner informed Plaintiff that surgery was necessary. Plaintiff asked if there was an alternative to surgery, and was told by Dr. Hellner that if surgery was not performed, he would experience severe arthritic pain for the remainder of his life. Plaintiff elected to have the surgery.

On May 10, 2013, Plaintiff was escorted to MMC in Merced for surgery. Dr. Hellner explained to Plaintiff that he would surgically implant a permanent metal anchor into the bone. Plaintiff asked if he would have full range of motion after the surgery. Dr. Hellner told Plaintiff that he would. While preparing Plaintiff for surgery, Nurse #1 and Nurse #2 assured Plaintiff that it was a simple procedure and that everything would be okay.

Dr. Hellner and his surgical team performed the surgery. During the surgery, Dr. Hellner and the two nurses allowed the presence of a foreign body, which has no therapeutic or

4

diagnostic purpose or effect, in Plaintiff's person. This caused injury to Plaintiff in the form of undue pain and suffering, disfigurement, and permanent damage to his left/fifth finger.

Plaintiff was returned to the prison the same day. Plaintiff was prescribed Tylenol-3, twice a day for three days, for pain. After the three days prescription for pain meds expired, Plaintiff complained of continued pain associated with the surgery to PA Hong, and requested pain medication. PA Hong consulted with Dr. Franco about pain medication. Dr. Franco refused to prescribe any pain medication, even after Plaintiff complained that the pain prevented him from sleeping.

Approximately ten days later, Plaintiff was seen by a nurse at the prison for removal of his sutures. Plaintiff asked the nurse if it was normal for his finger to still be inflamed so long after surgery. The nurse responded no, and told Plaintiff to express his concerns to Dr. Hellner on his next follow-up. A month passed without any post-operative follow-up treatment or rehabilitative therapy instructions from Dr. Hellner.

In late June 2013, Plaintiff approached an x-ray technician, Ms. Silva, and asked when Dr. Hellner would be visiting the prison, because he had not been given any rehabilitative therapy instructions. Plaintiff also explained to Ms. Silva that he had pain and stiffness, and a "lack of motion from the joint." (Id. at 5.) Ms. Silva told Plaintiff that Dr. Hellner's scheduled visit was cancelled due to family concerns, and he had yet to reschedule. This extended delay in post-op medical attention resulted in Plaintiff's disfigurement and permanent damages to his finger.

Plaintiff immediately went to the medical clinic after speaking with Ms. Silva. P.A. Hong contacted Dr. Hellner and informed him of Plaintiff's symptoms, concerns, and to find out what physical therapy could be done. No instructions or additional treatment were given to Plaintiff.

In August of 2013, Dr. Hellner visited the prison for a post-op examination of Plaintiff's finger. Plaintiff's finger was x-rayed, and reviewed by Dr. Hellner. Dr. Hellner told Plaintiff that the surgery was a success. Plaintiff explained that he continued to suffer from pain, inflammation, and he was unable to bend his finger. Dr. Hellner provided no further treatment.

In November of 2013, Plaintiff noticed an open wound forming over the nail bed of Plaintiff's left fifth finger, with a .75 cm string protruding from the open wound. Plaintiff showed the wound to Nurse Spears, who told Plaintiff to cover the wound and come in to medical the next morning.

Plaintiff was seen the next morning by PA Hong, who "attempted to cure the issue of the protruding string by simply cutting it with scissors." (Id. p. 6.) Plaintiff refused to allow Defendant Hong to cut the string until he found out what it was. Defendant Hong said that he would contact Dr. Hellner.

Over the next eight months, Plaintiff appeared for numerous medical visits for his pain, inflammation, and infections. Plaintiff "accosted" several prison administrators, showing them his infected finger that was draining pus and blood. (Id.)

In June 2014, Plaintiff went to the medical clinic for wound care and dressings. Nurse Egan informed Plaintiff that he would have to purchase his wound care supplies from the prison's commissary from this point forward. The same day, Plaintiff approached Associate Warden Snyder and explained his ongoing medical issues and the most recent refusal of medical supplies. Associate Warden Snyder took Plaintiff to Ms. Rodriguez, employed as executive staff. Ms. Rodriguez spoke with medical personnel. Upon her return, Ms. Rodriguez told Plaintiff to go to medical anytime he needs wound care supplies. Medical services complied with Plaintiff's wound care supplies request for a few weeks, then refused to issue wound care supplies.

On June 19, 2014, Plaintiff was approved for an orthopedic consultation. On August 25, 2014, Plaintiff was escorted to the consultation at the offices of Dr. Vanek. Dr. Vanek assessed Plaintiff's finger and x-rays, and determined that surgery was required to remove the foreign body, and the infection in the bone and surrounding tissue. Dr. Vanek told Plaintiff that the infection was caused by the foreign object left in Plaintiff's finger during the May 10, 2013, surgery. Dr. Vanek prescribed Amoxcicillin (antibiotics) for Plaintiff to prepare his body for surgery. Dr. Franco, Plaintiff's care provider, discontinued the prescription, which caused the infection to return, and more pain. Later, on January 14, 2015, Dr. Vanek performed the surgery.

### 2. Parties' Arguments

Defendant Hellner moves to dismiss several aspects of the first amended complaint on multiple grounds. First, Defendant Hellner argues that Plaintiff's medical malpractice claim is barred by the statute of limitations, and therefore it should be dismissed pursuant to Rule 12(b)(6). Defendant Hellner also moves to dismiss plaintiff's claim for punitive damages for the failure to comply with the statutory requirements of California Code of Civil Procedure § 425.13. Finally, Defendant Hellner moves to strike Plaintiff's prayer for the specific dollar amount of damages sought, pursuant to Rule 12(f), as violating California Code of Civil Procedure § 425.10. Plaintiff makes no response to Defendant Hellner's arguments.

Next, MMC also moves to dismiss Plaintiff's medical malpractice claim against it, and against Nurse Jane Doe #1 and #2, as barred by the statute of limitations. Plaintiff concedes that his claim against MMC is predicated upon a surgical procedure performed on May 10, 2013, but "puts the Court on notice" that once a discovery and scheduling order is issued, he will seek to amend his pleading, because he believes the procedure did not occur at MMC, but occurred at Loma Linda Medical Center. (ECF No. 47, at 3.) In reply, MMC argues that Plaintiff has conceded that dismissal of MMC, Nurse Jane Doe #1, and Nurse Jane Doe #2 should be granted.

Finally, the United States asserts that Defendants Franco and Hong worked for the BOP at the time of the events at issue, and therefore substitutes into this action in their place as the sole federal defendant. (ECF No. 25.) Therefore, the United States asserts that Defendants Franco and Hong are immune from liability and must be dismissed, as they are no longer parties to this action. The United States further asserts that Defendants Heller and Egan were independent contractors at the time of the events at issue, and never BOP employees. Thus, the United States moves to dismiss any claim against it based on alleged negligence by Defendants Hellner and Egan for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that such a claim is barred by the independent contractor exception to the FTCA. The United States further moves to dismiss Plaintiff's request for punitive damages and to strike jury trial demand, because neither is available under the FTCA, and moves to limit Plaintiff's damages to the amount of Plaintiff's administrative claim against the BOP.

1    Plaintiff does not oppose the dismissal of Defendants Franco and Hong. Plaintiff also does not dispute that Defendants Heller and Egan were independent contractors and not BOP employees during the relevant period. However, Plaintiff disputes that the independent contractor exception to the FTCA applies, arguing that a plaintiff may hold the United States liable for an independent contractor's negligence under California's peculiar risk doctrine. Plaintiff further argues that the United States' requests to dismiss his request for punitive damages, to strike his jury trial demand, and to limit his amount of damages, are without merit.

In reply, the United States argues that the peculiar risk doctrine does not apply to medical malpractice cases such as this one, and therefore its motion to dismiss for lack of jurisdiction should be granted. The United States further argues that Plaintiff offers no support for his opposition to its other arguments, which are well-supported by legal authority.

**3.    Analysis**

**a.    Defendant Hellner's and MMC's Motions to Dismiss**

The Court first turns to Defendant Hellner's and MMC's motions to dismiss, because they overlap to the extent that they argue that Plaintiff's claims for medical malpractice against them are barred by the applicable statute of limitations. Both Defendants argue that Plaintiff alleged that his surgery was performed by Defendant Hellner on May 10, 2013, that a "foreign body"—a suture protruding from his wound—was left in his finger, and that he was informed of the presence of the foreign body on August 25, 2014. Dr. Vanek then performed the surgery to remove the foreign body on January 14, 2015. Based on these allegations, Defendants assert that Plaintiff should have discovered the injury at issue here no later than January 14, 2015, and that a one-year statute of limitations applies. Because Plaintiff filed his original complaint in this action on March 10, 2016, more than one year later, Defendants argue that Plaintiff's medical malpractice claim against them is time-barred.

Federal courts apply California's statute of limitations rules to claims for medical malpractice in violation of California law. See Katz v. Children's Hospital of Orange County, 28 F.3d 1520 (9th Cir. 1994); Arnett v. Walgreen Company, Inc., No. 1:13-cv-02066-LJO-MJS, 2015 WL 224768, at *2 (E.D. Cal. Jan. 15, 2015); Revis v. Syerson, No. 2:12-cv-02751-EFB-P,

2014 WL 637014, at *3 (E.D. Cal. Feb. 18, 2014). Thus, California Code of Civil Procedure §340.5 governs the applicable statute of limitations. That code section provides as follows:

> "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person."

Here, Plaintiff pleaded that on August 25, 2014, Dr. Vanek told Plaintiff that he had an infection caused by a foreign body that was left inside his finger during the May 10, 2013 surgery. Thus, Plaintiff allegedly discovered the presence of a foreign body at that time. The foreign body then remained in Plaintiff's finger until it was removed on Dr. Vanek on January 14, 2015.

The statute further provides for tolling of the statute of limitations in certain circumstances, including the presence of a foreign body. However, the "foreign body" exception in § 340.5 only tolls only the three-year outside limitation period, and not the one-year "discovery" period." Gutierrez v. Mofid, 39 Cal. 3d 892, 896, 705 P.2d 886, 888 (1985); Ashworth v. Memorial Hospital, 206 Cal. App. 3d 1046, 1058 (2d Dist. 1988). "[O]nce the patient discovers or through reasonable diligence would have discovered the 'foreign body' and its role in her injury, she only has one year to file her lawsuit against the practitioners responsible for leaving the 'foreign body' inside her." Ashworth, 206 Cal. App. 3d at 1058. In other words, the foreign body exception is meant to toll the statute for an unknown, undiscovered foreign body. That exception does not apply in this case. Therefore, under § 340.5, a one-year statute of limitations applies to Plaintiff's claim in this case.

Next, California Civil Procedure Code § 352.1(a) provides for an automatic tolling for certain prisoner plaintiffs. Under that code section, when a plaintiff is "imprisoned on a criminal charge" for "a term less than life" at the time a claim accrues, the statute of limitations is statutorily tolled during the time of his imprisonment for up to two more years. See Cal. Civ. Proc. Code § 352.1(a); see also Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing same).

Here, Defendants request that the Court take judicial notice of the judgment in Plaintiff's criminal case, sentencing him to a term of life. (Request for Judicial Notice, Ex. D, Doc. 39-2.) Plaintiff does not contest that he was serving a life term at the time that his claim accrued. The Court recommends taking judicial notice of the federal court records of Plaintiff's judgment and sentence, and therefore finding that this automatic tolling provision does not apply in this case. See Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964); Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

Based on the foregoing, Plaintiff had one year to file his complaint under § 340.5. In this case, Plaintiff has pleaded that he discovered the injury from the presence of the foreign body left in his finger on January 14, 2015 at the latest, when it was surgically removed. Because Plaintiff's complaint in this action was not filed until March 10, 2016, more than a year after his injury was discovered, his medical malpractice claim is barred by the statute of limitations. Therefore, the Court recommends granting Defendant Heller's and Defendant MMC's motions to dismiss Plaintiff's medical malpractice claim under California law against Defendants Heller, MMC, Jane Doe Nurse #1, and Jane Doe Nurse #2, on the basis that Plaintiff's claim is time-barred.

Further, although Defendants Franco, Egan, and Hong did not move to dismiss Plaintiff's state law medical malpractice claim against them on these grounds, the Court's reasoning applies to all Defendants. Plaintiff's allegations against Defendants Franco, Egan, and Hong relate to a lack of adequate care for his pain and injuries resulting from the foreign body's presence in his finger after the May 10, 2013 surgery. The one-year statute of limitations on such claims would have also began to run upon discovery of Plaintiff's injuries, or in any event no later than when the foreign body was allegedly removed from his finger on January 14, 2015. Therefore, those claims are also time-barred, and Plaintiff's medical malpractice claim under state law should be dismissed against all Defendants on those grounds. See, e.g., Aguilar v. City of South Gate, No. 2:12-cv-10669-ODW, 2013 WL 4046047, at *5 (C.D. Cal. Aug. 7, 2013) (granting motion to dismiss for one defendant, and dismissing entire claim against all defendants).

///

Finally, because the Court recommends the dismissal of Defendant Heller from this action for the reasons discussed above, the Court declines to address Defendant Heller's other motions regarding damages. Those motions should be denied, as moot. The Court also declines to reach the United States' argument that Plaintiff cannot state a state law medical malpractice claim against Defendant Hong due to insufficiently pleading an employment relationship with MMC.

### b. The United States' Motion to Dismiss

Next, the Court turns to the motion to dismiss by the United States. First, the United States seeks the dismissal of Defendants Franco and Hong, BOP employees, and substitution of the United States, as the sole federal defendant for Plaintiff's FTCA claim based upon their conduct. (ECF No. 25.) Plaintiff does not oppose this dismissal and substitution of parties.

The FTCA waives the government's sovereign immunity for tort claims arising out of the negligent conduct of government employees acting within the scope of their employment. Terbush v. United States, 516 F.3d 1125, 1128 (9th Cir. 2008); see also United States v. Sherwood, 312 U.S. 584, 586 (1941). Pursuant to the FTCA, the United States can thus be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); Chadd v. United States, 794 F.3d 1104, 1109 (9th Cir. 2015).

The Attorney General determines whether "the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). If so, the Attorney General issues a "scope certification," which "transforms an action against an individual federal employee into one against the United States." Hui v. Castaneda, 559 U.S. 799, 810 (2010). The "United States shall be substituted as the party defendant," 28 U.S.C. § 2679(d)(1), and the employee is released from any liability: "The remedy against the United States . . . is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the

employee or the employee's estate is precluded without regard to when the act or omission occurred." Id. § 2679(b)(1). Certification may also be made by the United States Attorney's Office for the district where the civil action is brought. 28 C.F.R. § 15.4; see, e.g., D.V. v. Thompson, No. 14-CV-02155-RMW, 2015 WL 5188126, at *1 (N.D. Cal. Sept. 4, 2015).

In this case, the United States Attorney's Office for this district filed a certification that Defendants Franco and Hong were employees of the BOP and acting within the scope of their employment at all times relevant to Plaintiff's claim. Based on the foregoing, the Court finds that Defendants Franco and Hong should be dismissed from this action, and the United States substituted as defendant in their place.

Next, the Court turns to the United States' argument that Defendants Hellner and Egan should be dismissed for lack of jurisdiction pursuant to the independent contractor exception to the FTCA. The FTCA's waiver of immunity is limited by certain statutory exceptions, including the so-called "independent contractor exception," which expressly excludes liability for the actions of "any contractor with the United States." 28 U.S.C. § 2671. As explained by the Supreme Court, although the federal government may be held liable for certain torts of officers and employees of a federal agency under the FTCA, the FTCA excludes "any contractor with the United States." United States v. Orleans, 425 U.S. 807, 813-14 (1976) (citing 28 U.S.C. § 2671). "Since the United States can be sued only to the extent that it has waived its immunity, due regard must be given to the exceptions, including the independent contractor exception, to such waiver." Id. at 814. The FTCA and its exceptions must be strictly construed, and all ambiguities are resolved in favor of the sovereign. See United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992).

Here, the United States has submitted a declaration of Dee Graham, a Human Resources Manager employed by the BOP, declaring that Defendants Hellner and Egan were never employees of BOP, and worked as third-party medical providers through contractual agreements with USP Atwater. (Graham Decl., ECF No. 26-2, ¶¶ 3-7.) Because the United States makes this motion under Rule 12(b)(1) for lack of jurisdiction, the Court may consider factual information presented outside of Plaintiff's pleading, including affidavits or other evidence,

without converting the motion to a motion for summary judgment. See Safe Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003); see also White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (court may look beyond complaint to matters of public record and need not presume truthfulness of plaintiff's allegations with a factual Rule 12(b)(1) attack). Further, Plaintiff does not dispute that Defendants Hellner or Egan were not BOP employees and were independent contractors at the time of the events at issue. Therefore, the Court recommends considering the submitted declaration, and finds that Defendants Hellner and Egan were contractors, not employees, during the events at issue in this case.

Plaintiff nevertheless opposes the United States' motion, arguing that California's peculiar risk doctrine allows the United States to be held liable here for the allegedly negligent conduct of its independent contractors. In FTCA cases, California's peculiar risk doctrine is "an exception to the general rule that a principal is not liable for torts committed by an independent contractor." Myers v. United States, 652 F.3d 1021, 1034 (9th Cir. 2011) (citing Yanez v. United States, 63 F.3d 870, 872 (9th Cir. 1995)). Under the doctrine, the United States is "directly liable for its own negligence when it fails to ensure that an independent contractor takes adequate safety precautions and the work to be performed involves special dangers." Id. (quoting Gardner v. United States, 780 F.2d 835, 838 (9th Cir. 1986)). A "peculiar risk" is a risk "that is peculiar to the work to be done, arising either from the nature or the location of the work and against which a reasonable person would recognize the necessity of taking special precautions." Id. (quoting Privette v. Superior Court, 5 Cal. 4th 689, 692, 21 Cal. Rptr. 2d 72, 854 P.2d 721 (1993) (internal quotations omitted)).

Plaintiff cites no authority applying the peculiar risk doctrine in a situation involving alleged negligence in the provision of medical care; here, orthopedic surgery on his finger. As a California Court of Appeals recently discussed, the peculiar risk doctrine arises from the recognition "that a landowner who chose to undertake inherently dangerous activity on his land should not escape liability for injuries to others simply by hiring an independent contractor to do the work." Jackson v. AEG Live, LLC, 233 Cal. App. 4th 1156, 1183, 183 Cal. Rptr. 3d 394,

417 (2d Dist. 2015). Examples of activities that have been held to come within the scope of the peculiar risk doctrine include eradicating traffic lines on a busy street and other road construction, painting the inside of a tank with volatile paint, construction work on a 10-foot high wall or a 20-foot high bridge, operating a crane near high voltage wires, and working in a 14-foot deep trench. Id. (citing Castro v. State of California, 114 Cal. App. 3d 503, 511, 170 Cal. Rptr. 734, 739 (4th Dist. 1981)). The California Court of Appeals noted that there was no authority that this doctrine, which originated to hold landowners responsible for negligent contractors on their property, applied in the context of a doctor providing medical care. Nor was any argument made as to why the doctrine should apply in a medical care situation.

Plaintiff has likewise made no persuasive argument as to why the doctrine should apply in this case, and the Court finds no authority for it. Therefore, the Court declines to find that California's peculiar risk doctrine applies in his case, and further finds that under the independent contractor exception to the FTCA, the Court lacks jurisdiction over Plaintiff's claims based on the alleged negligence of Defendants Hellner and Egan. Therefore, any claim based on such negligence should be dismissed.

**c.     Damages**

The Court next addresses the United States' motion to dismiss Plaintiff's request for punitive damages. In a claim under the FTCA against the United States, punitive damages are not available. 28 U.S.C. § 2674 (the United States "shall not be liable for interest prior to judgment or for punitive damages" in an FTCA action); see Carlson v. Green, 446 U.S. 14, 22 (1980) ("[P]unitive damages in an FTCA suit are statutorily prohibited"). Plaintiff offers no argument or authority to support his position that he should nevertheless be allowed to seek punitive damages in this case.

Here, as discussed above, the Court recommends that this action be limited to an FTCA claim against the United States based on the alleged negligent conduct of Dr. Hellner and Physician's Assistant Egan. As a result, punitive damages would not be available in this suit, and Plaintiff's claim for punitive damages should be dismissed.

///

The United States also moves to limit Plaintiff's damages to fifty thousand dollars ($50,000), the amount that he sought in an administrative tort claim presented to the BOP. Plaintiff currently seeks five hundred thousand dollars ($500,000) in damages in the first amended complaint. (FAC 8.)

Under 28 U.S.C. § 2675(b), a plaintiff cannot sue the United States for damages in excess of the amount of the claim presented to a federal agency in an administrative tort claim, "except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." In this case, Plaintiff alleged that he filed an administrative tort claim with the Western Regional Director of the BOP, with Tort Claim Number TRT-WXR-2015-02335, on February 19, 2015, in relation to the claim in this lawsuit. (FAC 8.)[1] The United States has submitted a copy of Plaintiff's administrative tort claim, in which he alleges pain, suffering, and permanent damages and disfigurement due to a suture being left in his finger from a May 2013 surgery, which was not removed until January 14, 2015. (Pl.'s Claim to BOP, ECF No. 26-2, Ex B., at 27-32.) In that claim, Plaintiff sought total damages of fifty thousand dollars ($50,000.) (*Id*.)

Plaintiff does not argue that the increased amount of his current damages claim relates to any newly discovered evidence or intervening facts. Here merely asserts that the United States' argument is "without support or merit." (ECF No. 48, at 4.) As Plaintiff has not shown that the increased amount is based on any newly discovered evidence not reasonably discoverable at the time of his claim, or that there are any intervening facts related to the increased amount, the Court finds that his damages should be capped under the statute. Therefore, the United States' motion should be granted, and Plaintiff's damages should be limited to fifty thousand dollars ($50,000).

---

[1] The Court can consider Plaintiff's tort claim on this motion to dismiss without converting the subject motion into a motion for summary judgment, as Plaintiff has relied on the tort claim in his pleading and incorporated it by his allegations. See Coto Settlement v. Elsenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) (the doctrine of incorporation includes "situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question[,] and there are no disputed issues as to the documents relevance").

### d. Demand for Jury Trial

Finally, the Court addresses the United States' motion to strike Plaintiff's demand for a jury trial. There is no right to a jury trial against the United States under the FTCA. 28 U.S.C. § 2402; see In re Consolidated United States Atmospheric Testing Litig., 820 F.2d 982, 992 n.4 (9th Cir. 1987) ("The FTCA specifically provides that in tort actions against the United States, trials shall be to the court without a jury") (citing 28 U.S.C. § 2402); Brocklesby v. United States, 767 F.2d 1288, 1292 (9th Cir. 1985) (holding that plaintiffs "had no right to a jury trial" on claims governed by the FTCA). Again, Plaintiff offers no argument or authority in support of his position that he should nevertheless be afforded a jury trial here.

As the Court recommends that this action be limited to an FTCA claim against the United States for the reasons explained above, and Plaintiff has no right to a jury trial on that claim, the United States' motion should be granted. Therefore, Plaintiff's demand for a jury trial should be stricken.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Hellner's motion to dismiss, filed on December 8, 2017 (ECF No. 39) be granted on the grounds that Plaintiff's medical malpractice claim is time-barred under the statute of limitations;

2. Defendant Hellner's motions to dismiss filed on October 23, 2017 (ECF Nos. 22, 23) be denied as moot;

3. Defendant Mercy Medical Center's motion to dismiss, filed on November 17, 2017 (ECF No. 30) be granted on the grounds that Plaintiff's medical malpractice claim is time-barred under the statute of limitations;

4. The United States of America's motion to dismiss, filed on November 7, 2017 (ECF No. 26) be granted, in its entirety;

5. Defendants Heller, MMC, Franco, Egan, Hong, Jane Doe Nurse #1, and Jane Doe Nurse #2, be dismissed from this action, with prejudice;

1    6.   This action proceed under the FTCA, solely against the United States of America, on Plaintiff's claim arising out of the alleged negligent conduct of Dr. Hellner and Physician's Assistant Egan;

7.   Plaintiff's claim for punitive damages be dismissed, with prejudice;

8.   Plaintiff's damages be capped at fifty thousand dollars ($50,000); and

9.   Plaintiff's demand for a jury trial be stricken.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 10, 2018**

UNITED STATES MAGISTRATE JUDGE