UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | No. 1:16-cv-00352-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS<br><br>(Doc. Nos. 22, 23, 26, 30, 33, 39, 53) |

Plaintiff Curtis Anderson is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 9, 2017, the assigned magistrate judge screened plaintiff's first amended complaint and found that it stated a cognizable claim against defendant United States of America under the FTCA, and for medical malpractice under state law against defendants Dr. Hellner, Dr. Franco, P.A. Hong, P.A. Egan, Nurse Jane Doe #1, Nurse Jane Doe #2, and Mercy Medical Center ("MMC"). (Doc No. 10.) Following plaintiff's notification filed with the court expressing his intent to proceed only on the claims found to be cognizable by the court in its screening order (Doc. No. 11), the assigned magistrate judge dismissed all other claims for the failure to state a

cognizable claim for relief. (Doc. No. 12). The assigned magistrate judge indicated in the order that jurisdiction existed under 28 U.S.C. § 636(c), because plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared in this action. (*See id.* at 1.)

On October 23, 2017, defendant Hellner filed two motions to dismiss. (Doc. Nos. 22, 23.) On November 7, 2017, the United States filed a motion to dismiss. (Doc. No. 26.)

On November 9, 2017, the Ninth Circuit Court of Appeals held that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not yet served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). On December 1, 2017, in light of the decision in *Williams*, the assigned magistrate judge issued findings and recommendations consistent with the May 9, 2017 screening order. (Doc. No. 33.) The findings and recommendations noted that the motions to dismiss were not yet fully briefed at the time, and made no recommendations as to how those motions should be resolved. (*Id*. at 2 n.1.)

On November 17, 2017, defendant MMC filed a motion to dismiss. (Doc. No. 30.) On December 7, 2017, the United States objected to the December 1, 2017 findings and recommendations on the grounds raised in its earlier motion to dismiss. (Doc No. 36.) On December 8, 2017, defendant Hellner filed another motion to dismiss. (Doc. No. 39.)

On July 10, 2018, the assigned magistrate judge issued findings and recommendations, recommending that: (1) defendant Hellner's motion to dismiss, filed on December 8, 2017 (Doc. No. 39) be granted on the grounds that plaintiff's medical malpractice claim against that defendant was time-barred; (2) defendant Hellner's motions to dismiss filed on October 23, 2017 (Doc. Nos. 22, 23) be denied as moot; (3) defendant MMC's motion to dismiss, filed on November 17, 2017 (Doc. No. 30) be granted on the grounds that plaintiff's medical malpractice claim brought against that defendant was likewise time-barred; (4) the United States of America's motion to dismiss, filed on November 7, 2017 (Doc. No. 26) be granted; (5) defendants Hellner, MMC, Franco, Egan, Hong, Jane Doe Nurse #1, and Jane Doe Nurse #2 be dismissed from this action with prejudice; (6) this action proceed under the FTCA, solely against the United States of America, on plaintiff's claim arising from the alleged negligent conduct of Dr. Hellner and

Physician's Assistant Egan; (7) plaintiff's claim for punitive damages be dismissed with prejudice; (8) plaintiff's damages be capped at fifty thousand dollars ($50,000); and (9) plaintiff's demand for a jury trial be stricken. (Doc. No. 53 at 16–17.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days. (*Id*. at 17.) On July 23, 2018, the United States filed objections, limited to a possible typographical error in the findings and recommendations. (Doc. No. 54.) No other objections were filed, and the time in which to file objections to the findings and recommendations has now passed

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the undersigned concludes that both the findings and recommendations issued on December 1, 2017 (Doc. No. 33) and the findings and recommendations issued on July 10, 2018 (Doc. No. 53) are supported by the record and by proper analysis with the one exception noted below.[1]

In its objections, the United States does not take issue with the analysis of the findings and recommendations. The July 10, 2018 findings and recommendations concluded that because defendants Hellner and Egan were contractors rather than employees of the Bureau of Prisons, the court lacked jurisdiction over plaintiff's negligence claims brought against those defendants. (Doc. No. 53 at 14.) However, the July 10, 2018 findings and recommendations then recommended that the action proceed against the United States based "on Plaintiff's claim arising out of the alleged negligent conduct of Dr. Hellner and Physician's Assistant Egan." (*Id.* at 17.) Based on the analysis contained within the findings and recommendations, this appears to have a been a simple typographical error. The language should instead have stated that plaintiff's claim may proceed based on "the alleged negligent conduct of defendants Franco and Hong." The findings and recommendations are adopted in all other respects.

/////

/////

---

[1] The latter may be characterized as having supplemented the former in identifying additional grounds for dismissal of certain claims.

For these reasons,

1. The findings and recommendations issued on July 10, 2018 (Doc. No. 53) are adopted in full, save an except as discussed above;
2. The findings and recommendations issued on December 1, 2017 (Doc. No. 33) are adopted in full;
3. Defendant Hellner's motion to dismiss (Doc. No. 39) is granted;
4. Defendant Hellner's additional motions to dismiss (Doc. Nos. 22, 23) are denied as moot;
5. Defendant MMC's motion to dismiss (Doc No. 30) is granted;
6. The United States of America's motion to dismiss (Doc. No. 26) is granted;
7. Defendants Hellner, MMC, Franco, Egan, Hong, Jane Doe Nurse # 1, and Jane Doe Nurse # 2 are dismissed from this action with prejudice;
8. This case proceeds under the FTCA solely against defendant United States of America on plaintiff's claim arising out of the alleged negligent conduct of defendants Franco and Hong;
9. Plaintiff's claim for punitive damages is dismissed with prejudice;
10. Plaintiff's recoverable damages are capped at fifty thousand dollars ($50,000);
11. Plaintiff's demand for a jury trial is stricken; and
12. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **September 5, 2018**

UNITED STATES DISTRICT JUDGE

4