# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 1:16-cv-00352-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ADDITIONAL DISCOVERY<br><br>(ECF Nos. 55, 56, 57)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Curtis Anderson ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to the Federal Tort Claims Act ("FTCA"). Currently before the Court is Defendant's motion for summary judgment.[1]

**I.**

**BACKGROUND**

Plaintiff is in the custody of the United States of America and is currently housed at the Federal Correctional Institution in Yazoo City, Mississippi. While Plaintiff was housed at the United States Penitentiary in Atwater, California, Plaintiff was seen by Physician's Assistant

---

[1] **Error! Main Document Only.** Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment in Defendant's motion for summary judgment (ECF No. 55-1). Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

1  ("P.A.") Hong regarding an injury to the fifth finger of his left hand. (First Am. Compl. (FAC)
2  3,[2] ECF No. 9.) Plaintiff received an x-ray which showed that his finger was broken and Dr.
3  Franco informed Plaintiff that he needed orthopedic surgery to repair the break. (Id.) On May
4  10, 2013, Dr. Hellner performed surgery to repair the break. (Id. at 4-5.) Although Plaintiff
5  continued to experience pain, stiffness, and inflammation in the finger, he had a post-operative
6  examination in August 2013, in which Dr. Hellner informed him that the surgery was successful.
7  (Id. at 5.)

8  In November 2013, Plaintiff noticed an open wound forming over the nail bed of the
9  finger with a string protruding. (Id. at 6.) Plaintiff went to medical and P.A Hong attempted to
10 treat the issue by cutting the string, but Plaintiff refused until he found out what the object was.
11 (Id.) Plaintiff continued to have medical visits with P.A. Hong, Nurse Egan, and Dr. Franco over
12 the next eight months for severe pain, inflammation and infection of the finger. (Id.)

13 In June 2014, Plaintiff was told by Nurse Egan that he had to purchase his wound
14 supplies, and after he complained to the warden he was issued wound care supplies for a few
15 weeks. (Id. at 6-7.) On August 25, 2014, Plaintiff was taken for an orthopedic consultation. (Id.
16 at 7.) The orthopedist, Dr. Vanek, recommended surgery to remove the foreign object and
17 prescribed an antibiotic to prepare his body for surgery. (Id.) Dr. Franco discontinued the
18 prescription which caused the infection to return. (Id.) On January 14, 2015, Plaintiff had
19 surgery to remove the foreign object which was a suture. (Id. 7, 11.)

20 On March 10, 2016, Plaintiff filed this action against the United States of America, Dr.
21 Mark Heller, Mercy Medical Center, P.A.s Hong and Egan, and Dr. John Franco. (ECF No. 1.)
22 Plaintiff's complaint was screened on September 19, 2016, and Plaintiff was ordered to either
23 file an amended complaint or notify the court that he was willing to proceed on the claims found
24 to be cognizable in the complaint. (ECF No. 8.)

25 Plaintiff filed a first amended complaint on October 24, 2016. (ECF No. 9.) The first
26 amended complaint was screened and Plaintiff was ordered to either file an amended complaint

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

or notify the Court that he was willing to proceed on those claims found to be cognizable. (ECF No. 10.) On July 17, 2017, Plaintiff filed a notice that he wished to proceed on the cognizable claims. (ECF No. 11.) The action was proceeding against the United States of America ("United States" or "Defendant") for violation of the Federal Tort Claims Act, and against Dr. Hellner, Dr. Franco, P.A. Hong, P.A. Egan, Nurse Jane Doe #1, Nurse Jane Doe #2, and Mercy Medical Center for medical malpractice under state law. (ECF No. 12.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court did not have jurisdiction to dismiss the claims described in its July 19, 2017 order. On November 30, 2017, considering the earlier ruling in Williams, the undersigned issued findings and recommendations to the District Judge consistent with the May 9, 2017 screening order. (ECF No. 33.)

Motions to dismiss were filed by Dr. Heller, Mercy Medical Center, and the United States of America. (ECF Nos. 22, 23, 26, 30.) On July 10, 2018, findings and recommendations issued recommending granting the motions to dismiss and that this action proceed only on the Federal Tort Claims Act claim against the United States of America on Plaintiff's claim arising out of the negligent conduct of Dr. Hellner and P.A. Egan. (ECF No. 17.) On July 23, 2018, Defendant filed objections to the findings and recommendations. (ECF No. 54.)

On August 8, 2018, the United States filed a motion for summary judgment. (ECF No. 55.) Plaintiff filed an opposition to the motion for summary judgment on August 27, 2018. (ECF No. 56.) On September 4, 2018, the United States filed a reply. (ECF No. 57.) On September 6, 2018, the district judge issued an order adopting the findings and recommendations in part. (ECF No. 58.) The order found that the findings and recommendations contained a typographical error and the action was to proceed against the United States based on the conduct of Defendants Franco and Hong. (Id.) The findings and recommendations were adopted in all other respects. (Id.) This matter is currently proceeding on the Federal Tort Claims Act claim solely against the United States of America on Plaintiff's claim arising out of the alleged

negligent conduct of defendants Franco and Hong.  (Id.)

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. . .." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 322.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all

inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

## III.

## DISCUSSION

Defendant argues that under California law, Plaintiff is required to prove a claim for medical malpractice by presenting competent evidence of the professional standard of care by the testimony of an expert unless the negligence is obvious to a layperson. Additionally, Defendant argues that the law is well settled that personal injury causation must be proven with a reasonable medical probability based on competent expert testimony. Defendant contends that Plaintiff is unable to prove a breach of the applicable standard of care or causation because he has not designated an expert to opine on the issues in this action.

Plaintiff counters that expert testimony is not necessary where a layman is competent to pass judgment and conclude from experience that the injury would not happen if there had been proper skill and care. Plaintiff contends that Dr. Franco and P.A. Fong assessed Plaintiff's finger, realized a foreign object had been left in the finger and had a duty to provide medical attention within a reasonable timeframe. Plaintiff argues that Dr. Franco and P.A. Fong delayed his receiving treatment for eight months before requesting another orthopedic examination.

Defendant replies that Plaintiff has failed to come forward with competent evidence to support his claims and has presented no evidence that would excuse the failure to provide expert testimony which will be required to prove his claims. Further, Defendant argues that Plaintiff's reliance on the doctrine of *res ipsa loquitur* is misplaced in this action where he has not described exactly what Dr. Franco and P.A. Hong did to cause his injury, that he has suffered any permanent damage to his finger, and he cannot show that the injury was not due to his voluntary action of refusing to allow P.A. Hong to remove the suture.

### A. Medical Malpractice

"The [FTCA] provides that the United States may be held liable for "personal injury. .

.caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Veasley v. United States, 201 F.Supp.3d 1190, 1200 (S.D. Cal. 2016), appeal dismissed, No. 17-55465, 2017 WL 4541450 (9th Cir. Aug. 7, 2017) (quoting 28 U.S.C. § 1346(b)(1)); see also Tunac v. United States, 897 F.3d 1197, 1203 (9th Cir. 2018) (the FTCA specifically grants jurisdiction on the district court to hear claims of medical negligence). Liability in a case brought under the FTCA is determined in accordance with the substantive law of the state where the alleged negligence occurred. 28 U.S.C. § 1346(b)(1); Liebsack v. United States, 731 F.3d 850, 855 (9th Cir. 2013); Veasley, 201 F.Supp.3d at 1200; see Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996), as amended (Sept. 26, 1996) (applying California law to FTCA claims).

Under California law, "in any medical malpractice action, the plaintiff must establish: '(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.' " Borrayo v. Avery, 2 Cal.App.5th 304, 310 (2016), review denied (Oct. 19, 2016) (quoting Hanson v. Grode, 76 Cal.App.4th 601, 606 (1999); and Avivi v. Centro Medico Urgente Medical Center 159 Cal.App.4th 463, 468, n.2 (2008)); Belfiore-Braman v. Rotenberg, 25 Cal.App.5th 234, 238 n.3 (2018) (quoting Turpin v. Sortini, 31 Cal.3d 220, 229-230 (1982)). Generally, it is necessary to present opinion testimony from a properly qualified witness to demonstrate the elements of a medical malpractice claim unless the negligence is obvious to a lay person. Borrayo, 2 Cal.App.5th at 310; Johnson v. Superior Court, 143 Cal.App.4th 297, 305 (2006).

"In a medical malpractice action, a plaintiff must prove the defendant's negligence was a cause-in-fact of injury." Jennings v. Palomar Pomerado Health Sys., Inc., 114 Cal.App.4th 1108, 1118 (2003). This requires the plaintiff to establish that "it is more probable than not the negligent act was a cause-in-fact of the plaintiff's injury." Belfiore-Braman, 25 Cal.App.5th at

247 (quoting Jennings, 114 Cal.App.4th at 1118). A possible cause becomes probable where, "in the absence of other reasonable causal explanations, it becomes more likely than not that the injury was a result of its action." Belfiore-Braman, 25 Cal.App.5th at 247 (quoting Jennings, 114 Cal.App.4th at 1118.) Causation in a medical negligence action "must be proven within a reasonable medical probability based on competent expert testimony, i.e., something more than a '50-50 possibility.'" Belfiore-Braman, 25 Cal.App.5th at 247.

Defendant contends that Plaintiff cannot prevail in this action because he has not designated a medical expert to testify and *res ipsa loquitur* does not apply. "The law is well settled that in a personal injury action causation must be proven within a reasonable medical probability based [on] competent expert testimony." Jennings, 114 Cal.App.4th at 1118. Mere possibility is insufficient to establish a prima facie case. Belfiore-Braman, 25 Cal.App.5th at 239 (quoting Jones v. Ortho Pharmaceutical Corp., 163 Cal.App.3d 396, 402 (1985); Jennings, 114 Cal.App.4th at 1118. "In order for the doctrine of *res ipsa loquitur* to apply three conditions must be met: The injury must be of a nature which ordinarily does not occur in the absence of someone's negligence; the injury must have been caused by an agency or instrumentality in the control of a defendant; and, the injury must not have been due to any voluntary action or contribution on the part of plaintiff." Cline v. Lund, 31 Cal.App.3d 755, 761 (1973).

Courts in California apply a common knowledge exception "if the medical facts are commonly susceptible of comprehension by a lay juror—that is, if the jury is capable of appreciating and evaluating the significance of a particular medical event." Gannon v. Elliot, 19 Cal.App.4th 1, 7 (1993); accord Curtis v. Santa Clara Valley Med. Ctr., 110 Cal.App.4th 796, 800 (2003). Actions in which a foreign object has been left in a patient's body following an operation are within the common knowledge application of *res ipsa loquitur*. Gannon, 19 Cal.App.4th at 7 (rubber surgical cap); Leonard v. Watsonville Cmty. Hosp., 47 Cal. 2d 509, 514 (1956) (surgical clamp). "For example, it is common knowledge that leaving scissors in a patient's abdomen after surgery is an occurrence that is ordinarily the result of someone's negligence." Curtis, 110 Cal.App.4th at 801. Similarly, it is commonly understood that if a person sustains a shoulder injury following an appendectomy negligence would be suspected.

7

1 Id. However, "where the facts are not commonly susceptible of comprehension by a lay juror,
2 medical expert opinion is necessary to enable the trier of fact to determine if the circumstances
3 indicated" constitute medical negligence. Cobbs v. Grant, 8 Cal.3d 229, 236 (1972).

4 Here, Plaintiff has alleged that in April 2013, Defendant Hong assessed an injury to his
5 hand and ordered x-rays. (FAC 3, ECF No. 9.) He was seen by Dr. Franco a few days later and
6 informed that his finger was broken and surgery was necessary. (Id.) On May 10, 2013, Dr.
7 Hellner performed surgery to repair Plaintiff's finger. (Id. at 4.) Plaintiff was prescribed Tylenol
8 3 for three days and after his prescription had expired he saw Defendant Hong and requested
9 pain medication. (Id.) Defendant Hong consulted with Defendant Franco about a prescription
10 for pain medication which was refused even after Plaintiff informed Defendant Franco that the
11 pain was preventing him from sleeping. (Id.) In the later part of June 2013, Plaintiff saw
12 Defendant Hong who informed Defendant Franco that Plaintiff was having symptoms and
13 wanted physical therapy. (Id. at 5.) No instructions or treatment were provided. (Id.)

14 In November 2013, Plaintiff noticed an open wound forming over the nail bed of his
15 finger with a string protruding. (Id. at 6.) Plaintiff saw Defendant Hong the following day who
16 wanted to cut the string off Plaintiff's finger. (Id.) Plaintiff refused until he discovered what the
17 string was. (Id.) Defendant Hong told Plaintiff that he would contact Dr. Heller to ascertain
18 what purpose the string played in the surgery, but Defendant Hong never told Plaintiff of the
19 string's purpose or treated Plaintiff for the open wound or inflammation. (Id.) Over the next
20 eight months, Plaintiff saw Defendants Hong and Franco and received no competent treatment
21 for the pain, inflammation, and infections. (Id.) On June 19, 2014, the Utilization Committee
22 approved a request for an orthopedic visit for Plaintiff. (Id. at 10.)

23 On August 25, 2014, Plaintiff was seen by Dr. Vanek who recommended surgery to
24 remove the string and infection to the surrounding tissue. (Id. at 7.) Dr. Vanek prescribed
25 antibiotics which were discontinued by Defendant Franco, causing the infection to return. (Id.)
26 On January 14, 2015, Dr. Vanek performed surgery to remove the suture. (Id. at 7, 11.)

27 While Defendant argues that Plaintiff cannot prove medical malpractice due to the lack of
28 an expert witness, construing the facts in the light most favorable to Plaintiff, he had a string

coming out of the incision site on his finger and the area was inflamed and infected. Defendant argues that *res ipsa loquitur* would not apply because Plaintiff refused to allow the suture to be cut, however, Plaintiff alleges not only that the suture had migrated to the surface but that it was causing an infection including pus and bleeding from the wound and pain that was not treated. Plaintiff also contends that he did not receive rehabilitative therapy despite requesting it and the delay caused disfigurement and permanent damage to his finger.

Had Defendant moved on the substantive claim and presented evidence that the treatment Plaintiff received met the applicable standard of care, Plaintiff would be required to refute the evidence by presenting his own medical expert. The cases on which Defendant relies discuss the plaintiff's failure to present evidence to refute the defendant's evidence on the standard of care. Johnson v. United States, No. C 10-00647 LB, 2012 WL 1094322, at *9-14 (N.D. Cal. Mar. 30, 2012), aff'd, 606 F. App'x 345 (9th Cir. 2015) (only evidence presented was that of defendant's expert); Bushling v. Fremont Med. Ctr., 117 Cal.App.4th 493, 507-508 (2004) (considering medical records and physician's declaration that the treatment provided was within the standard of care); Woodward v. United States, No. 213CV00048MCEEFB, 2016 WL 5159589, at *5 (E.D. Cal. Sept. 20, 2016) (finding declarations of plaintiff's experts insufficient to create a triable issue of fact); Robinson v. Kaweah Delta Hosp., No. CV F 09-1403 LJO GSA, 2010 WL 4624090, at *2 (E.D. Cal. Nov. 5, 2010) (defendant's expert testified that there was no evidence to indicate the plaintiff did not receive appropriate and timely care). In this instance, Defendant has not moved for summary judgment on the merits of the case nor is there any opinion in the record that Defendants Hong and Franco met the appropriate standard of care. Defendant seeks summary judgment solely due to Plaintiff's lack of an expert witness. However, at trial, Plaintiff could admit testimony through Defendant's expert witness that would support his claims that the treatment he received breached the standard of care. Salasguevara v. Wyeth Labs., Inc., 222 Cal.App.3d 379, 387 (1990).

Defendant also argues in reply that Plaintiff has not presented any evidence that he had an infection in his finger and that the operative report indicates that there was no infection. However, the complaint alleges that Plaintiff's finger was inflamed and draining pus and blood.

1  (FAC at 6.)  Making credibility determinations, weighing the evidence, and drawing legitimate
2  inferences are functions for the trier of fact.  Bravo v. Santa Maria, 665 F.3d 1076, 1083 (9th Cir.
3  2011).

4        Plaintiff argues that Defendants Hong and Franco were aware that a foreign object had
5  been left in his finger causing infection and pain and had a duty to provide him with medical care
6  within a reasonable timeframe.  Plaintiff contends that it is apparent that failing to provide timely
7  treatment for his injury breached the standard of care.  In the circumstances here, the common
8  knowledge exception would appear to apply.

9        Plaintiff states that he had a suture that was sticking out of the nail bed of his finger that
10 was infected and bleeding, and an orthopedic surgeon performed surgery to remove the suture.
11 Plaintiff alleges that the suture was causing inflammation, infection, and pain.  It is common
12 knowledge that a foreign object would cause such symptoms, and a physician's complete failure
13 to provide treatment for eight months could be found to be negligent.

14       The Court finds that Defendant has failed to demonstrate that there is an absence of
15 genuine issues of material fact and recommends that the motion for summary judgment be
16 denied.

17     **B.**    **Request for Discovery**

18       In his opposition, Plaintiff requests additional discovery in the form of depositions from
19 Defendants Hong and Franco, and Drs. Hellner and Vanek to establish the timeline from the time
20 of his initial surgery until the second surgery was performed and the reasons for those delays.
21 Plaintiff contends that this discovery is necessary to establish that Defendants Hong and Franco's
22 excessive delay and refusal to provide medical care was the cause of his permanent damage and
23 pain and suffering.

24       In this action, the deadline by which to conduct all expert discovery was June 26, 2018.
25 (ECF No. 24 at 3.)  Modification of a scheduling order requires a showing of good cause, Fed. R.
26 Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth
27 Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  Rule 16's good cause standard considers
28 the diligence of the party seeking amendment and the pretrial schedule may be modified if it

cannot reasonably be met despite the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609.

Here, Plaintiff did not move to amend the scheduling order until he sought additional discovery in his opposition to Defendant's motion for summary judgment. However, Plaintiff has failed to show that he was diligent in seeking discovery during the discovery period and Defendant contends that Plaintiff did not conduct any discovery. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. Plaintiff has not demonstrated that good cause exists to reopen discovery in this action.

Rule 56 of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; or (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "A party requesting a continuance pursuant to Rule 56[d] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City & Cty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

Here, Plaintiff states that he seeks to depose his treating physicians to establish that there were excessive delays and refusal of medical care that were the causation of his permanent damage and undue pain and suffering. However, Plaintiff has not shown that allowing him to depose his treating physicians would reveal such facts and mere speculation is not grounds for the Court to grant a Rule 56(d) motion. Nordstrom, Inc. v. Chubb & Son, Inc., 54 F.3d 1424, 1436 (9th Cir. 1995), as amended on denial of reh'g (Aug. 1, 1995); State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

Further, the purpose of Rule 56(d) is to ensure that the nonmoving party does not have to

1 defend a motion for summary judgment prior to having the opportunity to obtain supporting evidence. Freeman v. ABC Legal Servs. Inc., 827 F.Supp.2d 1065, 1070 (N.D. Cal. 2011). In this instance, Plaintiff had an opportunity to propound discovery to these individuals during the discovery period and did not do so. Plaintiff has had a sufficient opportunity to conduct discovery and did not diligently propound discovery. See Qualls By & Through Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 844 (9th Cir. 1994) (not abuse of discretion to deny further discovery unless the movant diligently pursued previous discovery opportunities); Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002) (failure to diligently conduct discovery is grounds for denial of Rule 56(d) motion).

For these reasons, Plaintiff's motion to conduct additional discovery is denied.

## IV.

## CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment be DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for additional discovery is DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

///
///
///
///
///
///

///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**November 27, 2018**__  _____
UNITED STATES MAGISTRATE JUDGE