# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:16-cv-00352-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE COURT ORDER<br><br>(ECF No. 92) |

Plaintiff Curtis Anderson is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to the Federal Tort Claims Act.

On June 25, 2019, the Court directed the United States Marshal to serve an unincarcerated witness, Dr. Edward A. Vanek, within a subpoena for his appearance at trial on October 1, 2019, along with the witness fees submitted by Plaintiff. (ECF No. 71.) The United States Marshal served the subpoena and witness fees on Dr. Vanek on July 5, 2019. (ECF No. 76.)

On August 27, 2019, a settlement conference was conducted and the case was settled, vacating the October 1, 2019 trial date. The Court retained jurisdiction over this case for the limited period of six months to enforce the settlement, to ensure that the payment called for in the settlement agreement is paid, and to ensure that the stipulation for dismissal is filed.

On September 3, 2019, the parties filed a stipulation to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), (ECF No. 89), and the action was

terminated by operation of law, (ECF No. 90).

On September 5, 2019, the Court issued an order discharging the trial subpoena served on Dr. Vanek because the case had settled and been dismissed with prejudice. (ECF No. 91.) In that order, the Court also directed Dr. Vanek to return the money order for witness fees to Plaintiff by mail. (Id. at 2.)

Currently before the Court is Plaintiff's filing titled "Notice of Failure to Comply," filed on February 6, 2020. (ECF No. 92.) In his filing, Plaintiff states that, while the Court ordered at the settlement conference that the funds Plaintiff provided to the Court for Dr. Vanek's witness fees be returned to Plaintiff's trust account, no funds have been returned to Plaintiff's inmate trust account as of February 4, 2020. (Id.) The Court construes Plaintiff's filing as a motion to enforce a court order.

However, the Court's order to Dr. Vanek to return the money order he was served to pay for his witness fees to Plaintiff by mail was not made at the August 27, 2019 settlement conference. Instead, the order to Dr. Vanek to return the funds to Plaintiff was made in a written order signed by the Court on September 5, 2019. Therefore, since the Court only retained jurisdiction over this action for the limited period of six months to enforce the settlement agreement and the order to Dr. Vanek is not part of the settlement agreement, this Court has no jurisdiction to decide Plaintiff's motion. Plaintiff is free to pursue his remedies but not through this Court.

Therefore, Plaintiff's motion to enforce the Court's September 5, 2019 order, (ECF No. 92), is HEREBY DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated: **February 18, 2020**

UNITED STATES MAGISTRATE JUDGE